UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 06-243

JAMES H. BATES                              SECTION: R(2)


**ORDER AND REASONS**

Before the Court is James Bates's motion to correct sentence under 28 U.S.C. § 2255[1] and the government's motion to dismiss Bates's petition for relief.[2]  Because Bates failed to establish that he was denied effective assistance of counsel, the Court DISMISSES Bates's motion and GRANTS and the government's motion.


**I.   BACKGROUND**

On August 25, 2006, Bates was indicted on one count of being

---

[1]     (R. Doc. 61.)

[2]     (R. Doc. 68.)

a felon in possession of a firearm in violation of 18 U.S.C.
§ 922(g)(1).[3]  On November 28, 2006, the government filed a bill
of information to establish Bates's prior conviction for
distribution of cocaine base in violation of 21 U.S.C.
§ 841(a)(1).[4]  The following day, Bates pleaded guilty pursuant
to a plea agreement with the government under which the
government agreed not to seek a statutory enhancement for a
second felony drug conviction.[5]  As part of the plea agreement,
Bates waived his right to appeal his conviction and/or sentence
on any ground other than imposition of a sentence in excess of
the statutory maximum.[6]  Bates further agreed not to contest his
conviction and/or sentence in any post-conviction proceedings,
including a proceeding under 28 U.S.C. § 2255.[7]  This Court

---

[3]    (R. Doc. 6.)

[4]    (R. Doc. 24.)

[5]    (R. Doc. 28.)

[6]    (*Id.* at 2.)

[7]    (*Id.*)  The Court notes that, although Bates agreed not
to bring a challenge to his conviction or sentence under § 2255,
the government has not sought to enforce that provision of
Bates's plea agreement.  The Court finds that the government has
therefore waived its contractual right to enforcement of the
provision and proceeds to the merits of Bates's motion.  *See,
e.g.*, *United States v. Del Toro-Alejandre*, 489 F.3d 721, 722 (5th
Cir. 2007) (explaining that enforcement of a waiver of post-
conviction relief "must be asserted by the government or be
deemed waived").

sentenced Bates to the mandatory minimum sentence of 240 months imprisonment.  Judgment was entered on April 25, 2007.[8]

Bates filed an untimely notice of appeal on November 30, 2007.[9]  The Fifth Circuit granted Bates leave to appeal and appointed the federal public defender as counsel.[10]  On October 24, 2008, Bates's appointed appellate counsel moved for leave to withdraw and filed an *Anders* brief in accordance with *Anders v. California*, 386 U.S. 738 (1967),[11] indicating that there were no non-frivolous issues on appeal.[12]  Relevant to the instant motion, the *Anders* brief informed the court of appeals that this Court failed to ask Bates, either at rearraignment or sentencing, whether he affirmed the prior conviction alleged in the bill of information as required by 21 U.S.C. § 851(b).[13]  It went on to

---

[8]     (R. Doc. 30; R. Doc. 40 at 4.)

[9]     (R. Doc. 31.)

[10]    (R. Doc. 47.)

[11]    *Anders* provides that when appointed appellate counsel has determined that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, counsel may file a brief establishing those facts and requesting permission of the court to withdraw from the case.  386 U.S. at 744-45; *see also United States v. Powell*, 468 F.3d 862, 863 (5th Cir. 2006).

[12]    (R. Doc. 69-1.)

[13]    (*Id.* at 17-18.)

3

conclude, however, that the failure to comply with § 851(b) did not entitle Bates to relief because (1) Bates did not object to the error prior to entry of judgment and cannot show an effect on his substantial rights sufficient to establish plain error; (2) § 851(e) barred Bates from challenging the validity of the conviction listed in the bill of information because Bates was convicted more than five years before the bill of information was filed; and (3) Bates acknowledged the prior felony drug conviction in his plea agreement.[14]  On June 4, 2009, the Fifth Circuit ruled that there were no non-frivolous issues before it and dismissed Bates's appeal.[15]

Bates now seeks relief under 28 U.S.C. § 2255.[16]  He argues that he was denied effective assistance of counsel because his attorney (1) failed to file a file a timely notice of appeal, and (2) failed to object during sentencing to this Court's failure to comply with 21 U.S.C. § 851(b).  For its part, the government moves to dismiss Bates's petition for relief under 28 U.S.C. § 2255 without an evidentiary hearing.[17]

---

[14]    (*Id.* at 18.)

[15]    (R. Doc. 60.)

[16]    (R. Doc. 61.)

[17]    (R. Doc. 69.)

## II. LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  As with the writ of habeas corpus, *see* 28 U.S.C. §§ 2241, 2254, only a narrow set of claims are cognizable on a section 2255 motion.  The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice."  *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

When a section 2255 motion is filed, the district court must first conduct a preliminary review.  "If it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion."  *Rules Governing Section 2255*

5

*Proceedings*, Rule 4(b).  If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action.  *Id.*  The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery.  *Rules Governing Section 2255 Proceedings*, Rules 6-7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the Court must determine whether an evidentiary hearing is warranted.  *Rules Governing Section 2255 Proceedings*, Rule 8.  Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence.  *See Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980).  For certain "structural" errors, relief follows automatically once

6

the error is proved.  *See Burgess v. Dretke*, 350 F.3d 461, 472 (5th Cir. 2003).  For other "trial" errors, the court may only grant relief if the error "had substantial and injurious effect or influence" in determining the outcome of the case.  *Brecht v. Abrahmson*, 507 U.S. 619, 637 (1993); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht*'s harmless error standard in a § 2255 proceeding).  If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).


## III. DISCUSSION

### A.    Timeliness

Section 2255(f) provides as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

7

newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review;
or;

(4) the date on which the facts supporting the claim or
claims presented could have been discovered through the
exercise of due diligence.

28 U.S.C. § 2255(f).  Bates's conviction became final 90-days
after the Fifth Circuit dismissed his appeal on June 4, 2009,
when the time for seeking *certiorari* in the United States Supreme
Court expired.  *See United States v. Gamble*, 208 F.3d 536, 537
(5th Cir. 2000).  This Court received Bates's motion for relief
on July 30, 2010, which was within the one-year limitation
period.  Bates therefore timely filed his section 2255 motion.


**B.    Ineffective Assistance of Counsel**

In a section 2255 petition alleging ineffective assistance
of counsel, the petitioner bears the burden of proof.  *See
Gochicoa v. Johnson*, 238 F.3d 278, 285 (5th Cir. 2000).  To
establish an ineffective-assistance-of-counsel claim, a
petitioner must show both that his counsel's performance was
constitutionally deficient and that he suffered prejudice as a
result of the deficiency.  *Strickland v. Washington*, 466 U.S.
668, 687-96 (1984).  If the Court finds that he has made an
insufficient showing as to either prong, it may dispose of the

8

claim without addressing the other prong. *See id* at 697; *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999). With respect to the "deficiency" prong, the Fifth Circuit has held that trial counsel's performance must be judged against "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). As to the "prejudice" prong, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

First, Bates argues that he was denied effective assistance of counsel because his attorney failed to file a timely notice of appeal.[18] Even assuming that Bates's attorney's performance was deficient, however, Bates cannot establish that he suffered any prejudice as a result. Despite the failure to file a timely notice of appeal, the Fifth Circuit granted Bates's motion for leave to proceed *in forma pauperis* on appeal,[19] appointed appellate counsel,[20] and conducted an independent review of Bates's claims, ultimately concluding that he raised no non-

---

[18]    (R. Doc. 61 at 21-30.)

[19]    (R. Doc. 47.)

[20]    (*Id.*)

Case 2:06-cr-00243-SSV-JCW   Document 75   Filed 01/24/11   Page 10 of 14

frivolous issues on appeal.[21]  In other words, because Bates was, in fact, permitted to appeal his conviction and sentence, the untimely filing had no effect on the outcome of the proceedings.

Bates also contends that his attorney was ineffective for failing to object during sentencing to this Court's alleged failure to comply with 21 U.S.C. § 851(b).  That subsection provides:

> If the United States attorney filed an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before the sentence is imposed may not thereafter be raised to attack the sentence.

21 U.S.C. § 851(b).  Bates's contention, however, is without merit.  Subsection 851(e) provides that "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.  21 U.S.C. § 851(e).  Bates's prior conviction occurred on or about January 17, 1996 and the government filed the bill of information to establish that

---

[21]     (R. Doc. XX.)

10

conviction on November 28, 2006.[22]  Even if the Court were to
have followed the procedures outlined in § 851(b), Bates would
have been barred from challenging the validity of the conviction.
The Fifth Circuit has explained that when § 851(e) prohibits a
challenge to the prior conviction, "[n]either the enhancement
statute nor reasons requires a trial court to adhere to the
rituals of § 851(b)."  *United States v. Nanez*, 694 F.2d 405, 413
(5th Cir. 1982), *cert. denied*, 461 U.S. 909 (1983); *see also*
*United States v. Fragoso*, 978 F.2d 896, 902 (5th Cir. 1992)
(finding no reversible error in the district court's failure
follow § 851(b) where a challenge to the prior conviction was
barred by § 851(e)).  Because § 851(e) prevented Bates from
challenging his earlier conviction, he can show neither that his
attorney's performance was deficient, *see Green*, 160 F.3d at 1037
("[F]ailure to make a frivolous objection does not cause
counsel's performance to fall below an objective level of
reasonableness."), nor that he suffered any prejudice as a result
of his attorney's failure to object to the Court's alleged error,
*Strickland*, 466 U.S. at 694 (holding that a petitioner cannot
establish prejudice absent a showing that the outcome of the

--------

[22]    (R. Doc. 24.)

proceeding would have been different but for counsel's error).[23]

Furthermore, as stated above, no evidentiary hearing is required under § 2255 when a prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *Edwards*, 442 F.3d at 264. Beyond what has already been discussed, Bates has provided nothing that might be considered an independent basis to suggest that his contentions are meritorious. In sum, it plainly appears from the motion and the record of the prior proceeding that Bates is not entitled to relief on any of his claims.

**C.   Certificate of Appealability**

The Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." *Rules Governing Section 2255 Proceedings*, Rule 11(a). A court may only issue a certificate of appealability if the

---

[23]   Related to the same claim, Bates argues that his attorney "continued his negligence" by failing to file motion to correct or reduce his sentence under Federal Rule of Criminal Procedure 35. (R. Doc. 61 at 25.) Yet, this argument fails for the same reasons. Bates has identified no meritorious basis on which his attorney could have filed such a motion.

petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In *Miller-El v. Cockrell*, 537 U.S. 322 (2003), the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'"  *Id.* at 336.  With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Bates's motion does not satisfy these standards.  Bates has identified no plausible grounds for his claim of ineffective assistance of counsel.  Reasonable jurists would not find his arguments to be fertile grounds for debate.

## III. CONCLUSION

For the foregoing reasons, Bates's motion is DISMISSED and

the government's motion is GRANTED.  The Court will not issue a

certificate of appealability.


New Orleans, Louisiana, this 24th day of January, 2011.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

14