UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO. 06-243 |
| JAMES BATES | SECTION "R" (2) |

# **ORDER AND REASONS**

Defendant James Bates moves to reduce his sentence under 18 U.S.C. §§ 3582(c)(1)(A) and 3582(c)(2).[1] For the following reasons, Bates's motions are denied.

## I. BACKGROUND

On January 10, 2007, Bates pleaded guilty to one count of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006).[2] Pursuant to his plea agreement, Bates waived his right to appeal his conviction or sentence, but reserved the right to appeal any sentence in excess of the statutory maximum.[3] The maximum sentence for Bates's offense was life imprisonment. *See* 21 U.S.C. § 841(b) (2006).

---

[1] R. Doc. 86, R. Doc. 87.
[2] R. Doc. 6; R. Doc. 25.
[3] R. Doc. 28.

On April 28, 2007, the Court sentenced Bates to 240 months imprisonment to run concurrently with the revocation of his supervised release in Criminal Case No. 95-330.[4] Because Bates had a prior felony drug conviction, this sentence was the mandatory minimum sentence under 21 U.S.C. § 841(b) (2006).

## II. DISCUSSION

Bates moves to reduce his sentence under 18 U.S.C. §§ 3582(c)(1)(A) and 3582(c)(2). Neither provision offers him relief.

Under section 3852(c)(1)(A), the Court may not modify a term of imprisonment once it has been imposed unless it receives a motion from the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A).; *see also* U.S.S.G. 1B1.13 ("Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment."). The Director of the Bureau of Prisons has not moved to reduce Bates's sentence, and the Court is therefore powerless to grant relief under section 3582(c)(1)(A).[5]

---

[4] R. Doc. 30.
[5] Bates's motion also references 18 U.S.C. § 4205(g), which similarly authorizes the Court to at only on motion from the Bureau of Prisons. *See* 18 U.S.C. § 4205(g) ("At any time upon motion of the Bureau of Prisons, the court may reduce any minimum term to the time the defendant has served.")

Section 3582(c)(2) provides that a court may reduce a term of imprisonment imposed on a defendant who was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). But "a reduction is not authorized if an amendment applies to the defendant 'but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).'" *United States v. Pratt*, 488 F. App'x 845, 846 (5th Cir. 2012). (quoting U.S.S.G § 1B1.10, comment. (n.(1)(A)).

Bates was sentenced to the mandatory minimum sentence of 240 months required under the then-effective version of section 841(b). 21 U.S.C. § 841(b) (2006). Congress has since amended section 841(b) to lower the effective mandatory minimums, 21 U.S.C. § 841(b) (2017), but this change does not apply retroactively. *See United States v. Kelly*, 716 F.3d 180, 181 (5th Cir. 2013) (affirming district court's holding that it could not reduce defendant's sentence below the section 841(b) mandatory minimum in effect at the time of his original sentencing). Because Bates was sentenced at the minimum level permitted by statute, the Court has no authority to reduce his sentence under section 3582(c)(2).

## III.  CONCLUSION

For the foregoing reasons, defendant James Bates's motions for reduction of his sentence are DENIED.

New Orleans, Louisiana, this __4th__ day of May, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE