UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 06-243 |
| JAMES BATES | SECTION "R" (2) |

### ORDER AND REASONS

Before the Court is James Bates's motion for a sentence reduction pursuant to Section 404 of the First Step Act of 2018.[1]  For the reasons that follow, the Court denies the motion.

### I.   BACKGROUND

In 2007, Bates pleaded guilty to a one-count indictment charging him with "possess[ion] with the intent to distribute 50 grams or more of cocaine base ('crack') . . . in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)."[2]  The government filed a bill of information establishing a prior conviction for distribution of crack cocaine.[3]  Pursuant to Bates's plea agreement, this notice identified only one of Bates's prior

---

[1]   *See* R. Doc. 108 at 1.
[2]   *See* R. Doc. 6 at 1; R. Doc. 28 at 1; R. Doc. 30 at 1.
[3]   R. Doc. 24.

offenses.[4] The Court then sentenced Bates with 240 months' imprisonment,[5] a $100 special assessment fee,[6] and ten years' supervised release.[7] Bates's projected release date is now August 25, 2023.[8]

In 2018, Congress passed the First Step Act. This law made a number of changes to criminal sentencing. As relevant here, the Act retroactively applies the Fair Sentencing Act of 2010, which reduced mandatory minimum penalties for crack cocaine offenses. Bates's case was screened by the Eastern District of Louisiana's First Step Act Committee,[9] and he was identified as "eligible for a sentence reduction under Section 404 of the First Step Act."[10] The government opposes Bates's request for a reduction.[11]

---

[4] *See* R. Doc. 24 at 1; R. Doc. 28 at 1.
[5] *See* R. Doc. 30 at 2. This term was "to be served concurrently with the sentence imposed in Bates' judgment of revocation in Criminal Case No. 95-330." *See id.*
[6] *See id.* at 5-6.
[7] *See id.* at 3.
[8] *See Inmate Locator, Federal Bureau of Prisons,* https://www.bop.gov/inmateloc/ (last visited Apr. 22, 2020).
[9] *See* Chief Judge Nannette Jolivette Brown, *First Step Act General Order* (Jan. 29, 2019), http://www.laed.uscourts.gov/sites/default/files/general-orders/First%20Step%20Act%2001%2029%202019.pdf
[10] *See* R. Doc. 110 at 2. Bates did not file a motion himself, *see id.* at 1, but the federal public defender moved on his behalf, *see* R. Doc. 108 at 1.
[11] *See* R. Doc. 103; *see also* R. Doc. 110 at 2.

2

## II. LEGAL STANDARD

Section 404 of the First Step Act states: "A court that imposed a sentence for a covered offense may, on motion of the defendant . . . , impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018) [hereinafter "First Step Act"] (citation omitted). The Fair Sentencing Act increased the quantity of crack cocaine that triggered mandatory minimum penalties and eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine. *See* Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372 (2010) [hereinafter "Fair Sentencing Act"].

Sentencing reductions under the First Step Act are not mandatory, even if the petitioner is eligible. *See* First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). Indeed, the First Step Act "leaves the choice whether to resentence to the district court's sound discretion." *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019); *see also United States v. Jackson*, 945 F.3d 315, 321 (5th Cir. 2019) ("That [defendant] is eligible for resentencing does not mean he is entitled to it." (quoting *Beamus*, 943 F.3d at 792)), *cert. denied*, No. 19-8036, 2020 WL 1906710 (U.S. Apr. 20, 2020).

3

## III. DISCUSSION

The parties agree that the First Step Act does not preclude a sentence reduction for Bates.[12] Bates's offense of conviction—possession with intent to distribute at least fifty grams of crack cocaine—is a covered offense, because Section 2 of the Fair Sentencing Act modified the offense's statutory penalties. *See* First Step Act § 404(a); Fair Sentencing Act § 2(a); *see also Jackson*, 945 F.3d at 320. Specifically, the Fair Sentencing Act reduced the mandatory minimum sentence of this offense from twenty years' imprisonment to ten years' imprisonment, for defendants with a prior felony drug offense. *Compare* 21 U.S.C. § 841(b)(1)(A) (2006), *with* 21 U.S.C. § 841(b)(1)(B) (2018). Additionally, Bates's violation was "committed before August 3, 2010." *See* First Step Act § 404(a).[13] Furthermore, none of the First Step Act's limitations apply: Bates's sentence was not previously reduced under the Fair Sentencing Act, and a previous motion to reduce Bates's sentence under the First Step Act has not been denied. *See* First Step Act § 404(c).

The government argues, nevertheless, that the Court should use its discretion—as expressly countenanced by the First Step Act, *see* First Step

---

[12] *See* R. Doc. 103 at 6; R. Doc. 108 at 3.
[13] *See, e.g.*, R. Doc. 30 at 1.

4

Act § 404(c)—not to reduce Bates's sentence.[14] Defendant responds by pointing primarily to Bates's conduct while imprisoned as justifying a lower sentence.[15]

The Court does not find that resentencing in this case would be a sound use of the Court's discretion. The Fifth Circuit has explained the scope of the district court's task in imposing a new sentence under the First Step Act. "The district court decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act." *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019). Applying that reasoning here, the Court does not find a sentence reduction in order based on the totality of the facts.

For instance, factors in Section 3553(a) before the Court at the time of Bates's original sentencing militate against a reduction. In particular, "the history and characteristics" of Bates do not support a reduced sentence. *See* 18 U.S.C. 3553(a)(1). Bates is a career offender.[16] He has an extensive

---

[14] *See* R. Doc. 103 at 1, 5. The government contends in part—and defendant does not dispute, *see* R. Doc. 108 at 3; R. Doc. 110 at 1—that Bates benefited at his original sentencing from an incorrect guidelines range calculation of 240 months' imprisonment rather than 262 to 327 months'. *See* R. Doc. 103 at 2, 7-8.
[15] *See* R. Doc. 108 at 6-7.
[16] *See* R. Doc. 110 at 18 ¶ 24, 24-25 ¶¶ 69-74.

criminal history, ranging from burglary,[17] to felon in possession of a firearm,[18] to distribution of drugs.[19] Moreover, Bates has numerous cocaine-related convictions.[20] Indeed, the offense for which he is serving his current sentence was committed while on supervised release for distributing crack cocaine.[21] This history also shows that Bates's current sentence is needed "to protect the public from further crimes of the defendant." *See* 18 U.S.C. § 3553(a)(2)(C). These facts all indicate that this is not a suitable case for resentencing.

Bates's current characteristics also do not support the Court's using its discretion to reduce his sentence. Specifically, Bates points to his completing various courses in prison—including earning his GED—and having "the continued support of his family" as justification for a reduced sentence.[22] As an initial matter, the Fifth Circuit has held that district courts need not consider a defendant's post-conviction conduct when determining whether a defendant is eligible for a sentencing reduction under the First Step Act. *See Jackson*, 945 F.3d at 321 ("Neither was the district court obliged to

---

[17]   *See id.* at 19 ¶ 32.
[18]   *See id.* at 24 ¶ 66.
[19]   *See id.* at 22 ¶ 52, 23 ¶ 63, 24-25 ¶¶ 59-74.
[20]   *See id.*
[21]   *See id.* at 25 ¶ 75.
[22]   *See* R. Doc. 108 at 6.

6

consider [defendant's] post-sentencing conduct."). In any event, these characteristics would need to be weighed against the other circumstances of defendant and his offense conduct. Considering that here, Bates's conduct does not warrant a sentencing reduction.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's request for a sentencing reduction under the First Step Act.

New Orleans, Louisiana, this __23rd__ day of April, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE